# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

PHILLIP JOHN BEAGLEY, )
)
    Plaintiff, )
)
v. ) No. 5:17-06079-CV-RK
)
)
NANCY A. BERRYHILL, ACTING )
COMMISSIONER OF SOCIAL )
SECURITY; )
)
)
    Defendant. )

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED.**

### Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence

presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined Plaintiff suffers from the following severe impairments: obesity, diabetes mellitus, degenerative disc disease of the lumbar spine with chronic pain syndrome, asthma, hypertension, hearing loss, osteoarthritis of the knees, status post left ACL repair, and status post right knee arthroscopy. The ALJ also determined that Plaintiff has the following non-severe impairments: sleep apnea, vertigo, eczema, drug-induced constipation and urinary tract infection, pain from an ingrown toenail, restless leg syndrome, and dermatitis. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following limitations: Plaintiff cannot operate foot controls, climb, kneel, crouch, or crawl; can occasionally balance and stoop; cannot tolerate extreme of cold and heat, unprotected heights, and moving machinery; can tolerate exposure to humidity, vibration, and pulmonary irritants; and cannot communicate by telephone due to hearing loss. Although the ALJ found Plaintiff unable to perform any past relevant work, the ALJ found Plaintiff was not disabled, and that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform.

On appeal, Plaintiff presents the following arguments: (1) whether the ALJ erred by failing to order a consultative examination concerning Plaintiff's physical limitations; (2) whether the ALJ failed to consider and further develop the record concerning Plaintiff's learning disability; (3) whether the ALJ failed to develop the record with regard to Plaintiff's hearing loss; and (4) whether the ALJ erroneously assessed Plaintiff's exertional level before assessing his abilities on a function-by-function basis.

Plaintiff first argues the medical record lacks a medical opinion addressing Plaintiff's functional limitations; therefore, the case should be remanded to obtain a consultative examination. Plaintiff relies on *Combs v. Berryhill* in support of his position. 878 F.3d 642 (8th Cir. 2017). In *Combs*, the Eighth Circuit held that the ALJ improperly relied on his own inferences from medical

record notations of "no acute distress" and "normal movement of all extremities" to determine the claimant's RFC. *Id.* at 647. The facts of this case, however, are distinguishable because here the medical evidence of record contains more specific indications of Plaintiff's limitations. The ALJ gave "substantial weight" to Plaintiff's treating primary care physician, Blake Donaldson, D.O., because the ALJ found Dr. Donaldson's statements were consistent with his exam findings and indicated Plaintiff was able to engage in sedentary work.[1] The record further contains treatment notes documenting Plaintiff's ability to sit and walk. The ALJ determined the extent of Plaintiff's alleged limitations, including Plaintiff's testimony that he was prescribed a cane for walking, were not supported by the objective medical evidence or the record as whole. Accordingly, substantial evidence supports the ALJ's decision concerning Plaintiff's physical limitations.

Second, Plaintiff argues the ALJ failed to develop the record with regard to his learning disability. Plaintiff did not allege, either in his disability paperwork or at the administrative hearing, that a learning disorder limited his ability to perform work. *See Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008) ("[a]lthough the ALJ must fairly and fully develop the record, [he or she] "is not obliged to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability" (internal quotations and citations omitted). Reversal is not warranted on this ground.

Plaintiff similarly argues the ALJ failed to develop the record concerning his hearing loss. An ALJ "is required to order medical examinations and tests only if the medical records . . . do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011). At the administrative hearing in this case, Plaintiff only testified that hearing loss affected his ability to hear on the telephone, and the ALJ included this limitation in the RFC. Further, Dr. Donaldson's treatment notes repeatedly documented "no hearing loss" upon physical examination. Accordingly, substantial evidence supports the ALJ's decision to determine Plaintiff's limitations from hearing loss without ordering audiological testing.

Last, Plaintiff argues the ALJ failed to provide a function-by-function assessment before assessing the exertional level when determining Plaintiff's RFC. However, the omissions of such

---

[1] Dr. Donaldson indicated Plaintiff's gait was not antalgic, he was able to walk effectively to carry out daily activities, he did not have any significant difficulty sitting or standing, and that physical examination findings had been grossly normal except as hindered by Plaintiff's size.

3

limitations does not mean the ALJ did not consider the limitations. *See Brown v. Astrue*, 2010 WL 889835, at *25 (W.D. Mo. Mar. 8, 2010) ("an ALJ who specifically addresses the areas in which he found a limitation and is silent as to those areas in which no limitation is found is believed to have implicitly found no limitation in the latter") (quoting *Depover v. Barhnart*, 349 F.3d 563, 567-68 (8th Cir. 2003)). Here, consistent with the definition of "sedentary work," the ALJ found Plaintiff should be limited to lifting and carrying no more than ten pounds and should be limited in standing and walking no more than two hours total in an eight-hour workday. The ALJ also included additional limitations as part of the RFC finding and in the hypothetical question posed to the vocational expert. *See, e.g.*, *Depover*, 349 F.3d at 567; *Seitz v. Colvin*, 2016 WL 3920463, at *7 (W.D. Mo. July 17, 2018); *Althaus-Rosiere v. Astrue*, 2012 WL 287314, at *4 (W.D. Mo. Jan. 31, 2012); *Cook v. Astrue*, 629 F. Supp. 2d 925, 933 (W.D. Mo. May 12, 2009).

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE, ORDERED that the decision of the ALJ is **AFFIRMED**.

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED: September 24, 2018